# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION
## CASE NO. 1:23cv219

REBECCA WHITE,

     Plaintiff,

v.

WELLPATH, LLC,

     Defendant.

**NOTICE OF REMOVAL**

COMES NOW Defendant Wellpath, LLC (hereinafter "Defendant") and, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the General Court of Justice for Rowan County, North Carolina, Superior Court Division to the United States District Court for the Middle District of North Carolina. As grounds for removal, Defendant shows the following:

1. Plaintiff commenced this action against Defendant by filing the complaint (the "Complaint") as styled above in the Superior Court of Rowan County on January 12, 2023, where it is pending as Case No. 23-CVS-66 (the "State Court Action"). (*See* Exhibit A – Copies of Documents and Pleadings on File with the Superior Court of Rowan County and Served Upon Defendants.).

2. The State Court Action concerns an allegation that Plaintiff's employment with Defendant was wrongfully termination in violation of North Carolina public policy. *Compl.* ¶ 25. Plaintiff "seeks damages that exceed $25,000.00" in the form of back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages pursuant to N.C. Gen. Stat. § 1D-1 *et seq*., reasonable attorneys' fees, and any "such other and further relief as may be necessary and appropriate." *Id*. ¶ 4 & 30.

3. Plaintiff purported to serve Defendant with the Summons and Complaint in Exhibit A on February 10, 2023. Defendant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as Defendant is filing it within 30 days of "receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). The events asserted by Plaintiff giving rise to her claims allegedly occurred in Rowan County, North Carolina, and Plaintiff filed her Complaint in the Superior Court of Rowan County. Accordingly, venue properly lies in the United States District Court for the Middle District of North Carolina's Salisbury Division as the District and Division encompassing Rowan County.

5. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as Exhibit A.

6. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff, the only adverse party, and will also file a Notice of Filing of this Notice of Removal with the Superior Court of Rowan County, a copy of which is attached hereto as Exhibit B.

7. Plaintiff's allegations are denied, and it is further denied that Defendant is properly named as a party, with the exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

2

**BASIS FOR REMOVAL**

**I.  Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b)**

8.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

**a.      There is Complete Diversity of Citizenship Among the Parties**

9.      Plaintiff is a citizen of the State of North Carolina. "For purposes of establishing diversity jurisdiction, a natural person's citizenship is determined by domicile." *Hanks v. Coan*, No. 1:99CV00119, 1999 WL 1938851, at *1 (M.D.N.C. Aug. 17, 1999). A person's "domicile is an individual's place of residence." *Hollowell v. Hux*, 229 F.Supp. 50, 52 (E.D.N.C.1964). Here, the Complaint alleges that Plaintiff "is an adult individual who resides in Pilot Mountain, North Carolina." Compl. ¶ 2.

10.      Because Defendant Wellpath, LLC is a limited liability company, its citizenship, for the purposes of diversity jurisdiction, "is determined by the citizenship of all of its members." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The Complaint does not plead the place(s) of citizenship of the members of Defendant. As such, Defendant provides this Court with Defendant's Corporate Disclosure Statement, attached hereto as Exhibit C. Defendant Wellpath, LLC has two members: (i) Jessamine Healthcare, Inc. and (ii) Wellpath Group Holdings, LLC. *Id.*  Jessamine Healthcare, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in Nashville, Tennessee. Wellpath Group Holdings, LLC is organized under the State of Delaware.  Wellpath Group Holdings, LLC

3

has one member, Wellpath Holdings, Inc. Wellpath Holdings, Inc. is incorporated in the State of Delaware with its principal place of business in Nashville, Tennessee.

11. Defendant, therefore, is a citizen Delaware and Tennessee for federal diversity purposes. Defendant is not a citizen of North Carolina.

12. As such, there is complete diversity between the Plaintiff and the Defendant in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**b.    The Amount in Controversy Requirement is Satisfied**

13. Courts determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). However, in cases "where Plaintiff has alleged an indeterminate amount of damages ... the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665, 667 (D.S.C. 2005). "If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

14. The Complaint alleges Plaintiff's damages exceed $25,000. At the time her employment ended, Plaintiff was a full-time employee and was paid an hourly rate of $30.00. (Declaration of Steven Massie, attached hereto as Exhibit D). As a result, Plaintiff was compensated roughly $62,400 per year, assuming a 40-hour work week. *Id*. The Complaint asserts Plaintiff's employment ended on June 15, 2022. Plaintiff has not alleged that she has found new employment. Therefore, Plaintiff's alleged back-pay damages alone amount to over $45,000.

4

Plaintiff also seeks front pay and compensatory damages. If this case is not resolved before the end of this year, Plaintiff's alleged damages would exceed $96,000. Additionally, Plaintiff seeks reasonable attorneys' fees, costs for this action, as well as punitive damages and pre-judgment and post-judgment interest.

15. Given the aforementioned, it is readily apparent that the amount in controversy for this case, based on Plaintiff's allegations as pled in the Complaint, exceeds $75.000.00, exclusive of interest and costs.

**II.    Defendant Has Satisfied the Procedural Requirements for Removal**

16. Plaintiff filed the Complaint in the Rowan County Superior Court of the State of North Carolina on January 12, 2023. Plaintiff purported to serve Defendant with the Summons and Complaint on February 10, 2023. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

17. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Middle District of North Carolina embraces Rowan County, North Carolina.

18. Additionally, Plaintiff and Defendant are subject to personal jurisdiction in North Carolina. As set forth above, Plaintiff is a citizen of the State of North Carolina. Plaintiff's complaint alleges Defendant conducts business in the state of North Carolina.

5

WHEREFORE, on the basis of the foregoing, Defendant respectfully submits that the removal of this action from the Superior Court of Rowan County to this Court is proper, and Defendant accordingly removes the civil action to this Court.

This the 10th day of March, 2023.

*/s/ Evan R. Dancy*

Benjamin P. Fryer, NC Bar No. 39254
bfryer@fordharrison.com
Evan R. Dancy, NC Bar No. 54801
edancy@fordharrison.com
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1949

Mark E. Stamelos (*Pro Hac Vice Forthcoming*)
mstamelos@fordharrison.com
FORDHARRISON LLP
150 3rd Avenue South, Suite 2010
Nashville, TN  37201
Telephone: 615-574-6704
Facsimile: 615-574-6701

*Attorneys for Defendant Wellpath, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon Plaintiff (1) by electronic mail and (2) by placing a copy of same in the United States Mail, with the correct amount of postage affixed thereon and properly addressed to:

Paul J. Gibbons, Jr.
Corey M. Stanton
Ethan L. Slabosky
GIBBONS LAW GROUP, PLLC
14045 Ballantyne Corporate Place
Suite 325
Charlotte, NC 28277
Emails:   phil@gibbonslg.com
corey@gibbonslg.com
ethan@gibbonslg.com

*Attorneys for Plaintiff*

This the 10th day of March, 2023.

*/s/ Evan R. Dancy*
Evan R. Dancy

7